CONTINENTAL TRUST CO. OF NEW YORK v. TOLEDO, ST. L. & K. C. R. CO.

(Circuit Court, N. D. Ohio, W. D.    February 21, 1896.)

CORPORATIONS—PREFERRED STOCK—LIEN.
  A corporation cannot, in the absence of statutory authority, make its preferred stock a lien upon its property; nor can an agreement between the subscribers to the stock of the corporation make such stock a lien on its property, as against bondholders or general creditors without notice of such agreement.

On application of Charles Hamlin and others to be made parties defendant.

Doyle, Scott & Lewis and Benjamin Harrison, for interveners.
Cary & Whitridge and C. W. Fairbanks, for trust company.

RICKS, District Judge.    Charles Hamlin, for himself and other persons holding certificates of preferred stock issued by the defendant, the Toledo, St. Louis & Kansas City Railroad Company,

claims to hold a lien upon the property to be sold under these foreclosure proceedings, by virtue of such certificates, and asks that they be made parties defendant in this suit, with the right to be heard upon all issues affecting their lien, and especially to have their rights as lienholders fixed by the decree for sale to be hereafter entered, so that they may be able to protect their interests when the property is sold. The case has been at issue for some time, testimony has been taken, and the parties are substantially ready for hearing on the merits. The application now presented is not only to be allowed to be made parties defendant, but to open the testimony as to the issues made and to be made by the answer and cross bill, for the purpose of making new and material issues.

The certificates issued by the defendant railroad company, upon their face, say: "This stock constitutes a lien upon the property and net earnings of the company next after the company's first mortgage." The first contention important to consider, with reference to these certificates, is the claim that, by this acknowledgment, impressed upon the stock by the corporation itself, it is a lien upon the body and assets of the corporation, next after the first mortgage. Is this claim well founded? A corporation, within the powers conferred by law, and within the limitations imposed by law, may create indebtedness. It may issue bonds, and secure their payment by lien expressed by mortgage or trust deed. But, to make such bonds a lien, they must be issued and certified, and the instrument securing the lien must be recorded. Each and every step is prescribed by statute. Such liens thereby become fixed, and the whole world has notice of the amount so secured, by public records; and all persons dealing in them are protected. The corporation, by statutory provisions, may issue certificates showing its capital stock, and the amount authorized and issued. Such certificates, properly issued, make the owner a shareholder of the capital of the corporation. They are not payable at any fixed time,—are not an indebtedness against the corporation, but simply a certificate that, when the corporation is dissolved, and its debts are all paid, the holder is entitled to his just proportion of the net fund to be distributed. Such stockholder is, therefore, not even a creditor of the corporation. He is a joint owner of it, and he may be, and in many states by statute is, liable as such joint owner to creditors, not only for the amount of the stock he owns, but for additional amounts fixed by law; and, unless some statutory powers are conferred upon a corporation, such capital stock or certificates cannot become a lien upon its property and assets. No one dealing with such a corporation, or in its securities, would ever look elsewhere than to the statutes of the state in which it was authorized or created to see what kind of liens were authorized and legally outstanding against it. The defendant corporation was organized in each of the states of Ohio, Indiana, and Illinois, and the several corporations so authorized were consolidated, and became the Toledo, St. Louis & Kansas City Railroad Company. I have examined carefully the statutes of the three states named, but do not find any authority for a

railroad corporation, in either state, to make its own certificates of capital stock a lien upon its property and assets. There is, then, no lien provided by statute for such certificates.

But it is urged that, by the consolidation agreement entered into between the holders of the bonds of the several constituent companies comprising the original corporation which preceded the defendant company, it was agreed that the holders of certain classes of the bonds of those divisional roads should accept for their bonds these certificates of preferred stock, which should be a lien upon the property next after the first mortgage. But while, within certain limits, such an agreement might be binding upon the original parties thereto, the consolidation would only be legal and effective so far as it complied with the statutes of the states in which the corporations so consolidated were to do business. Such equities, as between the contracting parties, would be subordinate to the legal rights and liens created by law. Holders of bonds issued under mortgages, and transferable to bearer, and creditors dealing with the corporation upon the basis of powers conferred by statutes, would not be bound by equities arising under consolidation agreements to which they were not parties, and as to which they were not by law bound to investigate or take notice. So I cannot see how the present holders of bonds issued by the defendant corporation, or creditors of it, are bound by equities which spring from contracts not recorded, or to which they were not parties. General creditors, or innocent holders of bonds, are not bound by equitable liens of which they are not by law advised, and of which they have not had actual notice. They need not inquire back of the want of power of the corporation to create a lien for its capital stock to see whether some hidden equitable interests exist by virtue of preceding contractual relations. There is nothing now before the court to show any actual notice to such creditors of such equitable liens.

But it is urged that the holders of these certificates have been harshly dealt with by the reorganization, and by now being denied the status of lienholders are left wholly remediless. Their certificates of stock gave them the option of converting it into voting stock. They had this privilege to become stockholders, active in the management of the corporation. They chose their present position by their own contract. If they were misled, and do not occupy so favorable a status in the case, or in the corporation, it is the misfortune of having erred in judgment. Eminent counsel have advised them that they had a lien. That opinion is certainly entitled to great weight, and its correctness may yet be established; but it is not satisfactory to me, and I do not accept it as correctly defining their legal position with reference to this litigation. As the defendant corporation has no statutory power to make these certificates of preferred stock a lien upon the property, and as the equitable lien attempted to be worked out for them through the consolidation agreements cannot be made binding upon the holders of negotiable securities passing from day to day to innocent holders, or to general creditors who dealt with the

corporations in large sums in good faith, I do not see upon what basis the petitioners can be permitted to come into this suit and be heard as parties. If they have no such lien as has been claimed, they are merely preferred stockholders. As such, they are represented in this case by their corporation and its officers. No attempt has been made to show that the latter are not diligent in defending the corporation as to all its rights. I think the records of this case will show that they have been tireless and persistent, and have not underestimated the importance or nature of their trust. Until some showing is made of want of good faith, or a failure to act for their interests by the corporation, which is their own creation and agent, they cannot be heard by any other representative.

No one is now here to question the legality of these certificates. They are regularly issued, and are recognized as evidence of the amount of capital stock of the corporation which the holders own. But there are objections urged to the claim that they are a lien. It is contended that these objections are not made by the proper parties. The corporation, it is said, cannot make this defense. Neither can the trustee make it. Their status comes under consideration from the claim pressed by the holders of the certificates rather than from objections made by others. The application of the petitioners presents the contention, and it is properly met by the trustee. But it is urged that, even as preferred shareholders, they have adverse interests to the common stock, by which the corporation is managed, and that, by reason of this adverse interest, they are entitled to be heard in their own right. This contention is not supported by the authorities. The corporation is as much bound to protect and defend the interests of the preferred stockholders as of the common stockholders. As before stated, upon the proper showing that the corporation has failed to make such defense, the court might be called upon to act.

It is again urged that the holders of the old bonds, issued under the divisional mortgages hereinbefore referred to, took these preferred certificates of stock for their old bonds, and made Mr. Kneeland, the president of the defendant corporation, their trustee to buy the road with the bonds so converted. But that does not change their status. If Kneeland has failed to execute their trust, they have their remedy over against him. Such default on Kneeland's part cannot in any way affect the present holders of the bonds issued by the new consolidated corporation, or the general creditors of it.

But it is urged that none of these questions which the court has herein passed upon can be considered in this application. It is said that the facts stated in the answer and cross bill tendered must be accepted as true for the purposes of this hearing. The court has acted upon this theory; but, as the vital question—the very foundation—upon which petitioners' rights must stand depends upon the proposition that the certificates of preferred stock are a lien upon the corporation, and that contention has been found against the petitioners, their application must fall. It would be

idle to admit them as parties, prolong the litigation, and add to its expense, when, in the end, the court is sure they cannot prevail. For these reasons, the application of the petitioners is denied.